OPINION
{¶ 1} Defendant-appellant Albert Watson appeals the February 7, 2002 Sentencing Entry of the Fairfield County Court of Common Pleas which sentenced him on his convictions for robbery, possession of criminal tools, and grand theft. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 8, 2002, appellant and three co-defendants went to the Lazarus Department Store in Fairfield County, Ohio. Appellant used mace against a store clerk in order to steal jewelry from the store. Appellant was the only co-defendant to use mace, and was recruited by the co-defendants to be the "muscle." Immediately after stealing the jewelry, appellant and his co-defendants fled the scene, leading the police on a high speed chase into Columbus, Ohio, where appellant and his co-defendants were eventually apprehended.
 {¶ 3} On August 17, 2001, the Fairfield Grand Jury indicted appellant with one count of robbery, in violation of R.C. 2913.01, a felony of the second degree; kidnapping, in violation of R.C.2905.01(A)(2), a felony of the first degree; abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree; possession of criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree; and grand theft, in violation of R.C. 2913.02, a felony of the fourth degree. At his August 23, 2001 arraignment, appellant plead not guilty to each count.
 {¶ 4} Appellant appeared before the trial court on January 30, 2002, and pursuant to a plea agreement, entered pleas of guilty to robbery, possession of criminal tools, and grand theft. After the trial court accepted appellant's pleas, appellee moved to dismiss the remaining counts of the indictment. The matter immediately proceeded to the sentencing hearing.
 {¶ 5} At that time, appellant argued the trial court should impose the minimum prison term for robbery as appellant had no previous felony convictions. Further, appellant argued the trial court should impose community control sanctions for his possession of criminal tools, and theft convictions. In opposition, the appellee argued appellant's conduct in this crime merited both maximum and consecutive sentences for each conviction.
 {¶ 6} In a February 7, 2002 Judgment Entry, the trial court sentenced appellant to five years for robbery, eleven months for possession of criminal tools, and seventeen months for grand theft. The trial court ordered the sentences for robbery and possession of criminal tools to be served consecutively to each other but concurrent with the sentence on grand theft.
 {¶ 7} It is from this judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 {¶ 8} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES HEREIN."
 I. {¶ 9} In appellant's sole assignment of error, he maintains the trial court erred in imposing consecutive sentences where the trial court failed to make the necessary findings to impose consecutive sentences, and even when necessary findings were made, the findings were not supported by the record. Specifically, appellant maintains the trial court did not find consecutive sentences were necessary to protect the public, punish the offender, and not disproportionate to the conduct and danger the offender poses to the public during the sentencing hearing. Further, appellant argues because he had no criminal history prior to committing this series of Lazarus robberies, the trial court erred in finding appellant's criminal history warranted consecutive sentences. Finally, appellant maintains because each of his co-defendants received less severe sanctions, the trial court erred in concluding the harm committed by appellant was "so great or unusual" that consecutive sentences were warranted. We disagree with appellant's contentions.
 {¶ 10} In order to impose consecutive sentences when an offender is convicted of multiple offenses, a trial court must first find consecutive service is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). The court must also find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find one or more of the following:
 {¶ 11} "a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 12} "b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 13} "c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Id. Last, if a trial court imposes consecutive sentences, the trial court must give its reasons for imposing the given sentence. R.C. 2929.19(B)(2)(c)."
 {¶ 14} Appellant concedes the trial court made the initial findings that consecutive service was necessary to protect the public from future crime and to punish the offender, and that consecutive were not disproportionate to the serious of the offender's conduct and to the danger the offender posed to the public. Appellant maintains because the trial court did not make these findings during the sentencing hearing, the sentence must be vacated. If the trial court makes the requisite findings and gives the required reasons in either the sentencing hearing or in the sentencing judgment entry, the statutory requirements have been fulfilled. State v. Willis, 2003-Ohio-2036, Delaware App. No. 02CA07037;State v. Newby, 2002-Ohio-4062, Licking App. No. 02CA0006; State v.Barr, 2002-Ohio-3079, Muskingum App. No. CT20010054. Accordingly, this portion of appellant's assignment of error is overruled.
 {¶ 15} Appellant next argues the record does not support the trial court's findings appellant had a criminal history prior to committing the offenses, and the trial court's finding the harm was so great or unusual that consecutive sentences were warranted.
 {¶ 16} After making the findings consecutive service is necessary to protect the public or to punish the offender, and not disproportionate to the seriousness of the offender's conduct and the danger the offender posed to the public, the trial court is required is required to make only one of the findings contained in R.C. 2929.14(E)(a) — (c). In the matter sub judice, the trial court made two such findings, noting appellant committed the offenses while awaiting trial or sentencing, and that the harm caused by the multiple offenses was so great or unusual that no single prison term could adequately reflect the seriousness of appellant's conduct.
 {¶ 17} In the February 7, 2002 Judgment Entry, the trial court specifically found when appellant committed this crime he was on bond for the commission of another Lazarus Department store robbery. Judgment Entry at 3. We find this was sufficient to satisfy the requirements of R.C. 2929.14(E)(4)(a). This finding alone would have been sufficient to permit the trial court to impose consecutive sentences.
 {¶ 18} The trial court also found the victim of the offense suffered serious, economic and psychological harm as a result of the offense. Tr. at 3. The trial court also found, of all of the co-defendants in the case, appellant was recruited for the purpose of either threatening or using violence in order to assure the commission of the crime. Appellant was the only co-defendant to carry a weapon. Further, the trial court found there was serious harm, at least temporarily, to the victim. Tr. at 26. The trial court explained appellant's use of violence in the commission of the robbery merited a higher degree of punishment then his co-defendants who did not actually inflict violence on another in the commission of the offense. Tr. at 28.
 {¶ 19} Our review of the record indicates the trial court imposed consecutive sentences after making the requisite findings and stating reasons sufficient to support those findings.
 {¶ 20} Appellant's sole assignment of error is overruled.
 {¶ 21} The February 7, 2002 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, J. and Edwards, J. concur.